modation maker of it. And it was held that the plaintiff did not derive any right to the note by transfer from the holder, but from the party primarily liable by the payment of it at his request, and the same defense which could be made against the latter by the defendant was available to him as against the plaintiff for the obvious reason that the plaintiff stood in no better position for the purpose of the action than did the person at whose instance he took up the note.

In the present case the plaintiff discharged his liability as indorser, and thereupon received the note with the guaranty from the holder for his own benefit. He says he indorsed the note and let Shaw have it, and after it became due "I took it up at that time; I paid him for it and he gave me the note." There is no difficulty in the way of his having the beneficial interest in, and title to, the note and guaranty. The further question raised, whether or not an alteration after its delivery was made by inserting words which changed the terms of it from a joint to a joint and several note, was one of fact arising upon a conflict of evidence, and was disposed of by the findings of the referee adversely to the defendant.

The judgment should be affirmed.

Dwight, P. J., Lewis and Haight, JJ., concurred.

Judgment appealed from affirmed.

---

Wilbur J. Manley, Appellant, *v.* Albert D. Ackler, as Treasurer of The North Leon Cheese Factory, Respondent.

*Action to recover damages for a breach of warranty on a sale — evidence as to the authority of an agent.*

Upon the trial of an action brought to recover damages for an alleged breach of warranty in the sale of a quantity of cheese, the agent of the defendant testified that he did not state to the plaintiff that the defendant had told him to guarantee the cheese as "fine." He was then asked whether the defendant told him to guarantee the same. This question was objected to on the ground that any conversation between the defendant and the witness was incompetent. The objection was overruled and exception taken. The witness answered "No."

*Held,* that the evidence was not material between the parties to the action on the question of the authority of the agent to warrant the cheese, as his power to sell carried with it, as against the plaintiff, the authority to warrant;

That the admission of such evidence might have been prejudicial to the plaintiff, and was not an error that could be disregarded upon appeal.

APPEAL by the plaintiff, Wilbur J. Manley, from a judgment of the County Court of Cattaraugus county in favor of the defendant, entered in the office of the clerk of the county of Cattaraugus on the 3d day of April, 1893, upon the verdict of a jury.

*E. A. Nash*, for the appellant.

*William H. Henderson*, for the respondent.

BRADLEY, J.:

The action was brought to recover damages for an alleged breach of warranty in the sale of a quantity of cheese to William E. Smith & Co. The plaintiff is assignee of the claim. He made the purchase of the cheese for them through Harrison Franklin, who was authorized to make the sale. The evidence on the part of the plaintiff is that in the interview or negotiation between Franklin and the plaintiff the latter inquired of him about the quality of the cheese and Franklin said that the defendant had " told him to guarantee the cheese fine." Thereupon the plaintiff said to Franklin that if the quality of the cheese was " fine " he would give seven and a half cents per pound for it. The offer was afterwards accepted, the sale made, the cheese paid for and delivered; upon inspection the cheese was found to be in quality of a lower grade than " fine," and consequently not worth as much as it would have been if of that specified quality.

On the defense Franklin testified that he did not say to the plaintiff that the defendant had told him to guarantee the cheese fine. He was then asked: " Did Mr. Acker tell you to do so ? " The objection to this on the ground that any matter of conversation between the witness and Acker, the defendant, was incompetent, was overruled and exception taken. The witness answered " No."

This evidence was not material between the parties to the action on the question of the authority of Franklin to warrant the cheese. His power to sell carried with it as against the plaintiff in behalf of the purchaser the authority to warrant.

It evidently was offered in corroboration of the evidence of the witness, and may have had some effect upon the question of fact

presented by the conflict in the evidence of the two witnesses and of their credibility. The evidence whether or not such conversation was had between Franklin and the defendant was not competent in behalf of the latter for any purpose. And as it may have been prejudicial to the plaintiff upon that question, the error cannot be disregarded.

No other question seems to require consideration. The judgment should be reversed and a new trial granted, costs to abide the event.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment of the County Court of Cattaraugus county, appealed from, reversed and new trial granted, costs to abide the event.

---

EMIL LUDEKENS, ·as Receiver of THE NATIONAL UNITED BENEFIT SAVINGS AND LOAN COMPANY, Plaintiff, *v.* CHARLES PSCHERHOFER and Another, Defendants.

*Bond of indemnity — when the surety is relieved from liability by fraudulent concealment by the obligee — alteration of the affidavit of justification.*

The omission of the obligee to advise the surety upon a bond of indemnity of the refusal of another to go upon such bond as a surety, because he considered the obligor untrustworthy, is not of itself a defense to an action brought against such surety upon the bond.

*Semble,* that if the obligee had knowledge, or had been informed, that the obligor was dishonest, and for that reason untrustworthy, and had an opportunity to advise the proposed surety of such fact prior to the receipt and execution of the bond, and failed to do so, such obligee would be chargeable with fraudulent concealment which might be effectual to relieve the surety from liability as such upon the bond of indemnity.

A surety is prejudiced by the risk assumed by reason of the non-disclosure of the fact that the principal, for want of integrity, is not entitled to confidence in the relation which his surety as such is induced to assume to him ; such concealment is deemed fraudulent, and everything short of that is insufficient to avoid the obligation of the surety.

An affidavit of justification, made by the surety and principal to a bond of indemnity, is no part of such bond, and an alteration made therein cannot be treated as a material, or as any, alteration of such bond.

MOTION by the plaintiff, Emil Ludekens, as receiver of The National United Benefit Savings and Loan Company, for a new trial on a